UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:10-CR-00063-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TYREE BARKSDALE | ) | |

On 5 August 2013, the court held a hearing on defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 63.) This order memorializes the court's ruling.

By way of background, in 2010, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five grams of cocaine base ("crack") and a quantity of cocaine in violation of 21 U.S.C. § 846 ("Count One"); three counts of distribution of a quantity of cocaine and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) ("Counts Two, Three, and Four"); two counts of distribution of more than five grams of crack and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) ("Counts Five and Eight"); and two counts of distribution of more than five grams of crack in violation of 21 U.S.C. § 841(a)(1) ("Counts Six and Seven"). At sentencing, on 4 November 2011, the court adopted the factual findings and guideline calculations of the presentence report ("PSR"). In calculating the base offense level, all counts were grouped pursuant to U.S.S.G. §§ 3D1.2 and 3D1.3 (2010). (PSR at 8.) Defendant was found accountable for 114.2 grams of cocaine and 22.7 grams of crack, resulting in a marijuana

equivalency of 103.9017 kilograms.[1]  (Id. ¶¶ 10, 29.)  Pursuant to U.S.S.G. § 2D1.1(c)(7) (2010), that quantity of marijuana resulted in a base offense level of 26.  (Id. ¶ 29.)  With adjustments for defendant's possession of a dangerous weapon and acceptance of responsibility, the total offense level was determined to be 25.  (Id. ¶¶ 30, 36, 37.)  Defendant's criminal history points totaled one, establishing a criminal history category of I.  (Id. ¶ 15.)  The resulting guideline imprisonment range on Counts One, Five, Six, Seven, and Eight (i.e., the offenses involving crack) was 60 to 71 months[2] and on Counts Two, Three, and Four (i.e., the offenses involving only powder cocaine) was 57 to 71 months.  The court sentenced defendant to 60 months imprisonment on Counts One, Five, Six, Seven, and Eight and 57 months imprisonment on Counts Two, Three, and Four, with the terms on all counts running concurrently.  Defendant did not appeal.

On 5 September 2012, defendant filed *pro se* the instant motion for a sentence reduction. Because it appeared that defendant might be entitled to some form of relief on Counts One, Five, Six, Seven, and Eight in light of the Fair Sentencing Act of 2010 ("FSA") and Dorsey v. United States, 132 S. Ct. 2321 (2012), the court set the matter for hearing and appointed counsel to represent defendant at the hearing.  (DE # 68.)  Prior to the hearing, defendant, through counsel, filed a sentencing memorandum requesting that the court apply the FSA as well as a 1:1 crack/powder cocaine ratio and that the court consider defendant's motion as one pursuant to 28

---

[1] Because multiple controlled substances were involved in the offenses, each of the substances was converted to its marijuana equivalent and added.  U.S.S.G. § 2D1.1, N.10(B) (2010).

[2] With a total offense level of 25 and a criminal history category of I, the guideline range of imprisonment is 57 to 71 months.  U.S.S.G. Ch. 5, Pt. A (2010).  Here, however, because the court applied the pre-Fair Sentencing Act of 2010 mandatory minimum term of imprisonment of five years, 21 U.S.C. § 841(b)(1)(B) (2008), that mandatory minimum became the bottom of the guideline range, see U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence.").

2

U.S.C. § 2255. (DE # 82.) At the hearing, the government agreed that the FSA should apply; however, it objected to the application of the 1:1 ratio.

The court agrees with defendant that his motion is more appropriately considered as one under 28 U.S.C. § 2255. See United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 U.S. Dist. LEXIS 7279, at *24-29 (W.D.N.C. Jan. 15, 2013) (finding it appropriate to re-characterize defendant's § 3582(c)(2) motion bringing a claim to apply the FSA based on Dorsey as a § 2255 motion). Applying the FSA to defendant's crack offenses results in there being no mandatory minimum term of imprisonment, which in turn results in a guideline range of imprisonment of 57 to 71 months.[3] (Modification of PSR, DE # 80.) The court finds it appropriate to re-sentence defendant to the bottom of that range on those counts and leave intact all other aspects of defendant's original sentence. The court does not apply the 1:1 ratio because, as stated at the hearing, although the court's current practice is to sentence crack offenders using a 1:1 ratio, the court did not begin that practice until 2012. Defendant was sentenced in 2011, before the court begin that practice. It would be fundamentally unfair to allow this defendant to obtain the benefit of that practice when no other similarly situated defendant sentenced in 2011 received that benefit.

Defendant's motion is ALLOWED to the extent he could be deemed to seek relief pursuant to 28 U.S.C. § 2255. The judgment dated 14 April 2011 is hereby AMENDED by inserting on page 3 the term of imprisonment of 57 months on Counts 1, 5-8 of the Indictment.

---

[3] The guideline range of imprisonment on the powder cocaine offenses remains unchanged because defendant was originally sentenced for those offenses with the benefit of the retroactive guideline amendments. (See Modification to PSR, DE # 80, n.1.)

Except as herein modified, that judgment is in all respects ratified and confirmed.

This 6 August 2013.

_____
W. Earl Britt
Senior U.S. District Judge